IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY DON GILLASPIE,<br>    ID # 2055943,<br>        Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:16-CV-2833-B (BH) |
| WARDEN MACKEY, et al.,<br>        Respondents. | )<br>)<br>) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Default Judgement,* received on June 8, 2017 (doc. 45). The petitioner seeks entry of a default judgment on grounds that the respondent has not filed a response to his federal habeas petition. Based on the relevant filings and applicable law, the motion should be **DENIED**.

The petitioner's habeas petition under 28 U.S.C. § 2254 was received on October 6, 2016. (*See* doc. 3.) He did not pay the filing fee until January 5, 2017. The Attorney General for the State of Texas was served electronically on January 9, 2017, and ordered to file an answer to the petitioner's habeas petition within sixty days. (*See* docs. 10, 11.) On February 13, 2017, the petitioner amended his petition. (*See* doc. 25.) On March 20, 2017, the respondent filed a motion requesting a thirty-day extension of the deadline to file a response. (doc. 28.) The Court issued an order granting the respondent's motion on March 21, 2017, and extended the deadline to file a response until April 17, 2017. (*See* doc. 29.) On that date, the respondent filed a second motion requesting a thirty-day extension of the deadline to file a response, and it was granted. (*See* docs. 34, 35.) The respondent timely filed her response and the state court record on May 15, 2017. (*See* docs. 40, 41.) The petitioner's reply to the response was received on June 8, 2017. (*See* doc. 42.)

He claims that because the respondent asserted the statute of limitations in response to the petition, she has not properly answered and appears to be in contempt. (*Id.* at 1-2.) The remainder of his motion addresses why he is not time-barred. (*See id.*)

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, because the respondent timely filed her response, there has been no failure to timely plead or otherwise defend, so no default has occurred. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276). Because the respondent has appeared to defend this action and has timely answered the petition, the petitioner's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 9th day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE