# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ZACHARY DON GILLASPIE, ) <br> ID # 2055943, ) <br> Petitioner, ) <br> vs. ) <br> ) <br> WARDEN MACKEY, et al., ) <br> Respondents. ) | No. 3:16-CV-2833-B (BH) <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

Zachary Don Gillaspie (Petitioner) challenges his convictions for theft of property valued at $1500 to $20,000 from the elderly and tampering with physical evidence. The respondents are Warden Mackey and Warden Garza (Respondents).

### A. Procedural History

On November 29, 2012, the State indicted Petitioner for theft of property (assorted jewelry) valued at $1500 to $20,000 from a person over the age of 65 by acquiring or exercising control over the property, and tampering with physical evidence by concealing assorted jewelry with intent to impair its availability in an investigation, in Cause No. F46910. (Doc. 41-5 at 9.)[1] On January 3, 2013, he pleaded guilty under a plea agreement and was convicted in the 413th Judicial District Court of Johnson County, Texas, and he was sentenced to ten years of probation. (*Id*. at 16.) He did not appeal. On January 28, 2016, the State moved to revoke his probation for alleged violations

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of its conditions. (*Id*. at 21.) On February 18, 2016, he pled true to the allegations, and he was sentenced to four years' imprisonment. (*Id*. at 29.) He did not appeal.

Petitioner's first state habeas application was signed on June 18, 2016, and received by the state court on June 22, 2014. (*Id*. at 34, 50.) The state habeas application was denied without written order on the findings of the trial court without a hearing on August 24, 2016. (Doc. 41-1); *see Ex parte Gillaspie*, WR-85,391-01 (Tex. Crim. App. Aug. 24, 2016). He then filed two more state habeas applications that were dismissed as subsequent applications under Texas Code of Criminal Procedure article 11.07, § 4. *See Ex parte Gillaspie*, WR-85,391-02 (Tex. Crim. App. Dec. 17. 2016); *Ex parte Gillaspie*, WR-85,391-03 (Tex. Crim. App. Feb. 22, 2017). He filed a fourth state habeas application that was denied in part and dismissed in part as a subsequent application. *See Ex parte Gillaspie*, WR-85,391-04 (Tex. Crim. App. May 24, 2017).

**B.**     **Substantive Claims**

Petitioner filed a federal petition that was mailed on September 30, 2016. (Doc. 3 at 10.) He then filed an amended petition that raises the following claims:

1. There was police coercion based on

    (a) alleged fabricated information in the arrest warrant;

    (b) the fact that two offenses he was charged with were double jeopardy; and

    (c) entrapment because the police purportedly left evidence in his vehicle when they arrested a co-defendant;

2. Counsel was ineffective at the original guilty plea proceeding because he

    (a) misinformed him about the law;

    (b) withheld exculpatory evidence;

    (c) withheld vindicating information;

3. There was prosecutorial malpractice and judicial malpractice;

4. The prosecutors were guilty of contempt and obstruction for acts or omissions in the state habeas process because they

   (a) had proof Petitioner's allegations of entrapment were correct in the first habeas proceeding;

   (b) "fabricated timeliness information" in the second habeas proceeding; and

   (c) furthered contempt and obstruction from previous state habeas proceedings by failing to answer all of Petitioner's claims in the third habeas proceeding.

(*See* doc. 25 at 6-7.) Respondents filed a response on May 15, 2017 (doc. 40), and Petitioner filed a reply on June 8, 2017 (doc. 42).

## II. STATUTE OF LIMITATIONS

Petitioner's first three grounds relate to his guilt.[2]

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

---

[2] Respondent argues that Petitioner's first three claims are procedurally barred. A court may deny a claim on its merits in lieu of applying a procedural bar. *See Logan–Gates v. Quarterman*, No. 3:08–CV–1683–B, 2009 WL 3614481, slip op. at *7 (N.D.Tex. Oct. 29, 2009) (recognizing that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar); *Braswell v. Dretke*, No. 3:02-CV-0342-M, 2004 WL 2583605, at *4 (N.D.Tex. Nov.12, 2004) (findings, conclusions, and recommendation which recognizes that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar), accepted by 2005 WL 1058865 (N.D.Tex. May 2, 2005). In this case, the administration of justice would be better served by bypassing the procedural issues and reaching the merits of the claim.

3

**A.**      **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The factual predicate for Petitioner's first three claims either became known or could have become known prior to the date his judgment became final.[3] The Fifth Circuit has held that a judgment of probation is a final judgment for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Petitioner's limitations period for challenging substantive issues relating to guilt began to run when the judgment imposing probation became final. *See id.*

Because Petitioner did not appeal the trial court's January 3, 2013 judgment of probation, it became final thirty days later, on February 2, 2013. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or

---

[3] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

suspended in open court, or after the day the trial court enters an appealable order"). That day was a Saturday, so the last day to file a petition for discretionary review was Monday, February 4, 2013. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on February 4, 2014. Petitioner filed his initial § 2254 petition on September 30, 2016, more than two years later. A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

B. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas applications were filed after the one-year limitations period expired, so they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President*

5

*Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

**D.** **Actual Innocence**

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 1935-36.

Petitioner asserts that the only item he appropriated was a watch worth less than $100, and

6

he did not possess any assorted jewelry valued between $1500 and $20,000. (*See* docs. 25 at 6; 26 at 3-4.) To the extent that he asserts he is actually innocent of the offenses, his factual assertions are evidence that was available when he pled guilty. He is not entitled to equitable tolling based on actual innocence because his claim is not based on new evidence.

Additionally, in the plea documents, Petitioner judicially confessed that he committed the offenses. (Doc. 41-5 at 13.) He admitted in court that the factual allegations in the indictment were true. (*Id*. at 73.) In light of his judicial confession and admission and the "great evidentiary weight" accorded to court documents, *see United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994), and the "strong presumption of verity" accorded "solemn declarations" made in open court, *see Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), he has not shown that he is actually innocent of the offenses. Even if *McQuiggin* applies to this case, *see Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031 at *3 (N.D. Tex. March 7, 2014) (citing cases that split on the applicability of *McQuiggin* to a guilty plea case), Petitioner has not shown that he is entitled to equitable tolling based on his claim of actual innocence. He has not overcome the statute of limitations, and his first three grounds are time-barred.

### III. CLAIMS REGARDING STATE HABEAS PROCEEDINGS

In ground four, Petitioner raises claims about the State's actions in the state habeas proceedings.[4]

---

[4] Respondent asserts that the claim is unexhausted and procedurally barred. "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State", courts may deny a habeas petition on the merits. 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"). As noted, a court may also deny a claim on its merits in lieu of applying a procedural bar. *See Logan–Gates v. Quarterman*, 2009 WL 3614481, at *7. As with the prior claims, the administration of justice would be better served by bypassing the procedural issues and reaching the merits of the claim.

Federal habeas relief cannot be had "absent the allegation by a [Petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ( "infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court"). Petitioner has not shown that he is entitled to relief on this claim.

### IV. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SIGNED on this 7th day of August, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE