# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ZACHARY DON GILLASPIE,<br>    ID # 2055943,<br>        Petitioner,<br>vs.<br><br>WARDEN MACKEY, et al.,<br>        Respondents. | No. 3:16-CV-2833-B (BH)<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3-251*, this prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Due Process Objection(s),* received on September 12, 2017 (doc. 57). Based on the relevant filings, evidence and applicable law, the filing should be construed as a Rule 59(e) motion to alter or amend the judgment and **DENIED**.

## I. BACKGROUND

Zachary Don Gillaspie (Petitioner) was convicted of theft of property valued at $1500 to $20,000 from a person over the age of 65 and tampering with physical evidence in Cause No. F46910 on January 3, 2013, in the 413th Judicial District Court of Johnson County, Texas, and sentenced to ten years of probation. (Doc. 41-5 at 16.) His probation was revoked on February 18, 2016, and he was sentenced to four years' imprisonment. (*Id*. at 29.) His federal habeas petition was denied because his claims were barred by the statute of limitations, and his claims regarding the state habeas process were not a basis for habeas relief. (Docs. 53, 55.) He now complains about the disposition of motions and the determination that some of his claims were time-barred. (*See* doc. 57.)

## II. FED. R. CIV. P. 59(e)

Because Petitioner's motion challenges the judgment in this case and was filed within 28 days of its entry, it is properly construed as arising under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[1]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner again challenges rulings on his motions and the determination that some of his claims were time-barred. He merely restates his prior objections to rulings on motions and to the recommended denial of his claims, which were overruled. (*See* docs. 54, 55.) Petitioner does

---

[1] A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*

not present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment. His motion should therefore be denied.

### III. RECOMMENDATION

Petitioner's motion should be construed as a Rule 59(e) motion and **DENIED**.

**SIGNED this 14th day of September, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE