# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ZACHARY DON GILLASPIE, ) | |
| ID # 2055943, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:16-CV-2833-B (BH) |
| ) | |
| WARDEN MACKEY, et al., ) | Referred to U.S. Magistrate Judge |
| Respondents. ) | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the petitioner's *Rule 59(b) Motion for a New Trial,* received on October 17, 2017 (doc. 61), and *Petition for a Writ of Habeas Corpus by a Person in State Custody* and *Extension of Question Eleven and Twenty*, received on November 13, 2017 (docs. 63, 64). Based on the relevant filings and applicable law, the post-judgment filings should be construed as a successive habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the Fifth Circuit Court of Appeals.

## I. BACKGROUND

On October 6, 2016, Zachary Don Gillaspie (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2013 convictions and sentences in Cause No. F46910 in Johnson County, Texas, for theft and tampering with physical evidence. (*See* docs. 3, 25.) His petition, which he amended on February 13, 2017, was denied on August 30, 2017, as barred by the statute of limitations or without merit. (*See* docs. 53, 55.) On September 12, 2017, he filed a post-judgment motion challenging the disposition of certain motions as well as the determination that some of his claims were time-barred. (*See* docs. 57.) The motion was construed as arising under Rule 59(e) of the Federal Rules of Civil Procedure, and it was denied. (*See* docs. 60.)

Petitioner subsequently filed a motion for a new trial contending that he should receive a new trial in his state criminal case because his plea was involuntary, and a recommendation that the motion be construed as a new successive petition and transferred to the Fifth Circuit Court of Appeals is currently pending. (*See* docs. 61, 62.) He has now filed an amended § 2254 petition as well as additional grounds challenging his same state convictions. (*See* docs. 63, 64.)

## II. NATURE OF SUIT

A motion for relief from judgment that seeks to advance one or more substantive habeas claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, however. *See Gonzalez*, 545 U.S. at 538 (holding that a post-judgment motion in a § 2254 case "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) (a post-judgment motion that "purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

Because Petitioner's Rule 59 motion and subsequent filings do not challenge the failure to reach the merits of his original habeas petition and asserts grounds for relief from the same underlying state court convictions that he originally challenged in this case, they are properly

construed as a successive habeas petition under 28 U.S.C. § 2254.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v.*

---

[1]Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

*Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his federal petition challenging the same conviction.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

4

clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## IV. RECOMMENDATION

Petitioner's post-judgment motion for relief from judgment (doc. 61) and amended habeas petition (docs. 63, 64) should be construed as a successive petition and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motions (docs. 61, 63, 64) in this habeas case; (2) open a new habeas case for administrative purposes only; (3) docket the post-judgment filings (docs. 61, 63, 64) in that new case as a § 2254 petition filed October 17, 2017; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 20th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE