IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZACHARY DON GILLASPIE,** | ) | |
| **ID # 2055943,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2833-B (BH)** |
| | ) | |
| **WARDEN MACKEY, et al.,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSION AND RECOMMENDATION

By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Before the Court is the petitioner's *Fed. R. Civ. P. Rule 60 Writ of Error Coram Nobis Motion*, received March 19, 2018 (doc. 71). Based on the relevant filings, evidence and applicable law, the filing should be construed as a Rule 60(b) motion and **DENIED**.

## I. BACKGROUND

Zachary Don Gillaspie (Petitioner) was convicted of theft of property valued at $1500 to $20,000 from a person over the age of 65 and tampering with physical evidence in Cause No. F46910 on January 3, 2013, in the 413th Judicial District Court of Johnson County, Texas, and sentenced to ten years of probation. (Doc. 41-5 at 16.) His probation was revoked on February 18, 2016, and he was sentenced to four years' imprisonment. (*Id*. at 29.) His federal habeas petition was denied on August 30, 2017, because his claims regarding the conviction were barred by the statute of limitations, and his claims regarding the state habeas process were not a basis for habeas relief. (Docs. 53, 55.) On September 12, 2017, he filed a post-judgment motion challenging the disposition of certain motions as well as the determination that some of his claims were time-barred. (*See* docs. 57.) The motion was construed as arising under Rule 59(e) of the Federal Rules of Civil Procedure, and it was denied. (*See* docs. 60.) He filed a motion for new trial on October 17, 2017

(doc. 61), and a petition for writ of habeas corpus on November 13, 2017. (*See* docs. 61, 63, 64.)
The documents were construed as a successive habeas petition under 28 U.S.C. § 2254, opened as
a new case, and transferred to the Fifth Circuit Court of Appeals on January 3, 2018. (*See* docs. 66,
67.)

## II.  FED. R. CIV. P. 60(b)

Petitioner's motion challenges the judgment in this case and invokes Rule 60(b) of the
Federal Rules of Civil Procedure. It is therefore properly construed as arising under Rule 60(b).[1]
Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following
reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation,
or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or
that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies
relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable
time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).
*See* FED. R. CIV. P. 60(c)(1).

Petitioner complains that the state court record filed in this habeas case did not include an
indictment, a transcription of the presentment of the indictment, the police complaint, the arrest

---

[1]Petitioner also titles his filing as a writ of error coram nobis. An individual may file a petition for writ of
error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), in the court in which he was convicted. *See United
States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). A writ of
error coram nobis is a remedy of last resort for persons who are no longer in custody pursuant to a criminal
conviction and unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus.
*United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Petitioner is still in custody on the challenged
conviction, so the writ is "not available to him." *Id.* Furthermore, he was convicted in a state court, not this Court,
so it lacks jurisdiction over his writ.

2

report, a certification of an examining trial, correspondence from a co-defendant. (*See* doc. 71 at

1.) He has not shown that any of these documents would entitle him to relief from the judgment

dismissing his habeas petition because his claims regarding the conviction were time-barred and his

claims regarding the state habeas process were not cognizable.[2]

### III. RECOMMENDATION

Petitioner's motion should be construed as a Rule 60(b) motion and **DENIED**.

**SIGNED this 21st day of March, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*